UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDERICK PIÑA,

                  Plaintiff,

        -against-

BANK OF AMERICA,

             Defendant.

24-CV-8894 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated his rights under federal and state law. By order dated March 4, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted)

(emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are gleaned from the complaint naming Bank of America ("BoA") as the sole defendant. (ECF 1.) Plaintiff alleges that BoA put an improper hold on his personal bank account, in connection with a tax warrant issued by the New York State Department of Taxation and Finance ("NYSDTF"). (ECF 1 at 2.) Attached to the complaint is a 2024 tax warrant issued by the NYSDTF, and bank statements showing a "pending debit/hold" on Plaintiff's account pursuant to a "Legal Order." (*Id.* at 33-37.)

According to Plaintiff, the tax debt at issue "pertain[ed] solely to" his limited liability company, Japanese Juices, LLC ("the LLC"), and not to him personally. (*Id.* at 8.) He claims that his "personal assets are shielded from the liabilities of" the LLC; that the "tax levy" on his personal accounts "constitutes an improper piercing of the corporate veil"; and that "[a]bsent

evidence of fraud, misconduct, or misuse of the LLC structure, [his] personal assets should not be subject to the business debts of" the LLC. (*Id.* at 10.) Although Plaintiff notified BoA "of the legal separation between" him and the LLC, BoA "refused to release the holds," causing him "substantial financial harm, reputational damage, and severe emotional distress." (*Id.*)

Plaintiff invokes 42 U.S.C. § 1983, asserting that BoA violated his right to due process, and that its "collusion" with NYSDTF "constitute[s] joint action under the color of state law." (*Id.* at 19.) He further alleges that BoA violated provisions of the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3401 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Plaintiff also asserts state law claims of conversion, breach of contract, intentional infliction of emotional distress, and invasion of privacy. (*Id.* at 16, 26.) He seeks declaratory and injunctive relief and money damages. (*Id.* at 26-27.)

## DISCUSSION

### A.    Constitutional claims under 42 U.S.C. § 1983

Because Plaintiff alleges that BoA violated his constitutional and federally-protected rights, the Court construes the complaint as an attempt to assert claims under 42 U.S.C. § 1983. Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Private parties and entities are not generally liable under Section 1983. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). But a private party can qualify as a state actor under

the statute if the link between the state action and the private party's action is so close that the private party's action "may be fairly treated as that of the State itself." *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 229 (2d Cir. 2004) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). A private entity's activity can be attributed to the state in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012).

Courts have held that a bank that complies with a state levy and garnishes funds in a consumer's bank account does not act under color of state law because it complies with the levy or garnishment. *See, e.g.*, *Sykes*, 723 F.3d at 406 (holding that a bank is not a state actor by reason of cooperation in garnishment at behest of a government agency) (citing *Brentwood*, 531 U.S. at 295)); *Harris v. Wells Fargo Bank*, No. 17-CV-3057 (CM), 2017 WL 4350601, at *3 (S.D.N.Y. May 10, 2017) (noting that the Second Circuit "has considered, and rejected" arguments that a bank acts under color of state law by complying with a state-issued restraining notice," because its "conduct as garnishee is "purely ministerial"); *Temple v. N.Y.S. Dep't of Tax. and Fin.,* No. 11-CV-759, 2012 WL 503618, at *7 (E.D.N.Y. Feb. 15, 2012) (noting that the "[m]ere compliance with a state-issued levy will not transform a private bank and its employees into state actors" (citing *McCarthy v. Wachovia Bank, N.A.*, 759 F. Supp. 2d 265, 276-77 (E.D.N.Y. 2011)).

Plaintiff alleges that BoA violated his constitutional rights in connection with a NYSDTF tax hold on his personal account, because the underlying tax obligation belongs to his LLC and

not to him personally. Although Plaintiff challenges the validity or legality of the tax hold, his only allegation against BoA is that it complied with a state-issued restraining notice. This assertion is insufficient to show that BoA is a state actor or that it acted under color of state law. Plaintiff's claim that BoA "colluded" with the NYSDTF is insufficient to transform it into a state actor. *Cf. Liffiton v. Keuker*, 850 F.2d 73, 78–79 (2d Cir. 1988) (noting that allegations that private individuals or entities "conspired" with government officials to violate the plaintiffs' constitutional rights does are insufficient to establish that a private party or entity acted under color of state law).

Because Plaintiff does not allege that BoA violated his due process or other constitutional right, or that it acted under color of state law by complying with the tax warrant, he fails to state a plausible claim against the bank under Section 1983, and any claims against it under that statute are dismissed for failure to state a claim on which relief may be granted.

## B.     Right to Financial Privacy Act ("RFPA")

The RFPA provides that "no Government authority may have access to or obtain copies of, or the information contained in the financial records of any customer from a financial institution . . . ." 12 U.S.C. § 3402. The statute defines "government authority" as "any agency or department of the United States, or any officer, employee, or agent thereof." 12 U.S.C. § 3401(3); *see Irani v. United States,* 448 F.3d 507, 509-10 (2d Cir. 2006) (explaining that the statute "imposes limits on the [federal] Government's access to records of financial institutions concerning individual customers, and was intended to protect the customers of financial institutions from unwarranted intrusion into their records while at the same time permitting legitimate law enforcement activity").

To state a claim under the RFPA, therefore, a plaintiff must plead that his financial records were improperly accessed by the federal government. *See Corley v. Vance*, 365 F. Supp.

3d 407, 452 (S.D.N.Y. 2019); *Barroga-Hayes v. Susan D. Settenbrino, P.C.,* No. 10-CV-5298, 2012 WL 1118194, at *4 (E.D.N.Y. Mar. 30, 2012) (holding that the RFPA "only governs and protects against the disclosure of financial records to the *federal government*" (emphasis in original)); *Young v. United States Dep't of Justice,* No. 87-CV-8307 (JFK), 1988 WL 131302, at *3 (S.D.N.Y. Nov. 28, 1988) (holding that the RFPA "restricts the federal government's access to customer records for use in investigations conducted by the United States"), *aff'd and modified on other grounds by* 882 F.2d 633 (2d Cir. 1989)).

Plaintiff filed this complaint challenging BoA's compliance with an allegedly invalid or improper restraining notice issued by the NYSDTF, a state agency. Because Plaintiff does not allege any involvement by the federal government, the RFPA does not apply to the circumstances giving rise to this action. *See Corley*, 365 F. Supp. 3d. at 452 (holding that the plaintiff's "RFPA claim fails because the statute does not apply to state authorities"). For these reasons, the Court finds that the complaint fails to state a claim under the RFPA.

## C.    The Fair Debt Collection Practices Act ("FDCPA")

Plaintiff invokes the FDCPA, the purpose of which is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *see Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547, 551 (S.D.N.Y. 2013) ("[T]he FDCPA is triggered when the obligation is a debt arising out of a consumer transaction."). Conduct in violation of the FDCPA includes, among other examples, using violence or the threat of violence; using obscene or profane language, "the natural consequence of which is to abuse the hearer or reader"; or "[c]ausing a telephone to ring or engaging any person in telephone

conversation repeatedly or continuously with the intent to annoy, abuse, or harass" the person called. 15 U.S.C. § 1692d.

"[T]he first question in any claim brought under the FDCPA is whether the allegedly violative conduct was used in an attempt to collect a 'debt' within the meaning of the FDCPA." *Beal v. Himmel & Bernstein, LLP*, 615 F. Supp. 2d 214, 216 (S.D.N.Y. 2009). A tax assessment does not constitute a "debt" within the meaning of the statute. *See* 15 U.S.C. § 1692a(5) (defining "debt" under the FDCPA as an obligation "arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ."); *Beggs v. Rossi*, 145 F.3d 511, 512 (2d Cir. 1998) (per curiam) (holding that unpaid taxes do not constitute a "debt" under the FDCPA).

Additionally, the FDCPA only regulates the activities of debt collectors. *See Howe v. Reader's Digest Ass'n, Inc.,* 686 F. Supp. 461, 466 (S.D.N.Y. 1988). "Debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a.

The allegation that BoA put a hold on Plaintiff's bank account in response to a state-issued notice does not suggest a claim under the FDCPA. At the outset, Plaintiff does not allege that BoA engaged in the type of abusive behavior that the statute prohibits. Also, the tax obligation underlying the hold on Plaintiff's account does not constitute a debt as defined by the statute. Finally, BoA was not acting as a debt collector, as the statute defines, under the

circumstances alleged in the complaint. For these reasons, the Court finds that Plaintiff also fails to state a claim under the FDCPA.[1]

## D.    Supplemental jurisdiction

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

---

[1] Under the Tax Injunction Act ("TIA"), "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341; *MLB Enters., Corp. v. New York State Dep't of Tax. & Fin.*, No. 19-CV-4679 (JMF), 2020 WL 917257, at *2 (S.D.N.Y. Feb. 26, 2020). New York's procedures for challenging tax assessments meet the "plain, speedy and efficient" standard. *See Tully v. Griffin, Inc.*, 429 U.S. 68, 74-77 (1976). The TIA's "prohibition is jurisdictional and strips the federal courts of subject matter jurisdiction" over suits for "injunctive relief or declaratory relief." *Campaniello v. N.Y. State Dep't of Tax. & Fin.*, 737 F. App'x 594, 596 (2d Cir. 2018) (quoting *Bernard v. Vill. of Spring Valley, N.Y.*, 30 F.3d 294, 297 (2d Cir. 1994)). To the extent Plaintiff challenges the underlying tax levy, the Court lacks subject matter jurisdiction to grant Plaintiff the relief he seeks.

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff is proceeding *pro se*, the Court grants him 30 days' leave to file an amended complaint to replead his claims.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    June 4, 2025
          New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.