UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FREDERICK PIÑA,

               Plaintiff,

       -against-

BANK OF AMERICA,

               Defendant.

24-CV-8894 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action alleging that Defendant violated his federally protected rights. By order dated June 4, 2025, the Court directed Plaintiff to amend his complaint to address deficiencies in his original complaint. Plaintiff filed an amended complaint on June 5, 2025, and the Court has reviewed it. The Court dismisses this action for the reasons set forth below.

## BACKGROUND

Plaintiff filed this action alleging that Bank of America ("BoA") put an improper hold on his personal BoA bank account, in connection with a tax warrant issued by the New York State Department of Taxation and Finance ("NYSDTF"). (ECF 1 at 2.) Attached to the complaint is a 2024 tax warrant issued by the NYSDTF, and bank statements showing a "pending debit/hold" on Plaintiff's account pursuant to a "Legal Order." (*Id.* at 33-37.) Plaintiff challenges the validity of the tax debt on the ground that it "pertain[ed] solely to" his limited liability company, Japanese Juices, LLC ("the LLC"), and not to him personally.[1] (*Id.* at 8.) Plaintiff asserted that BoA: violated his right due process, invoking 42 U.S.C. § 1983; violated provisions of the Right

---

[1] The Court quotes from Plaintiff's complaint and amended complaint verbatim. All spelling, grammar, and punctuation are as in the originals unless noted otherwise.

to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3401 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and he also asserted state-law claims.

In the June 4, 2025 order, the Court dismissed Plaintiff's Section 1983 claims because BoA is a private entity, and Plaintiff's allegations did not suggest that it acted under color of state law, citing *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (noting that a bank that does not act under color of state law because it complies with a state levy and garnishes funds in a consumer's bank account (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001))). (ECF 8.) Additionally, the Court: (1) held that the facts alleged did not give rise to claims under the RFPA or the FDCPA; (2) noted that under the Tax Injunction Act, the Court lacks subject matter jurisdiction to consider the merits of any challenge to the underlying tax levy; and (3) declined to exercise supplemental jurisdiction of any state-law claims. (*Id.*)

In the amended complaint, Plaintiff asserts a claim under the Electronic Fund Transfer Act, 15 U.S.C. § 1693 ("EFTA"), and realleges a due process claim under Section 1983 and under state law.[2] (ECF 9.) Plaintiff alleges that the "unauthorized holds" on his personal checking and savings accounts "constitute[e] electronic fund transfers (EFTs) under 12 C.F.R. § 205.3(b)." (ECF 9 at 7.) He further states that BoA responded to his challenge to the validity of the tax warrant "with perfunctory obstinacy, asserting an 'obligation to comply'" with the NYSDTF warrant, and thus "neglecting" Plaintiff's "evidence and eschewing investigation as mandated by 12 C.F.R. § 205.11" (*Id.* at 17). He claims that BoA failed to comply with EFTA's "error resolution protocols" and engaged in "tortious and deceptive practices." (ECF 9 at 8.)

---

[2] Plaintiff affirmatively withdrew the claims under the RFPA and the FDCPA. (ECF 9 at 2.)

2

Finally, according to Plaintiff, BoA's "willful refusal to scrutinize the warrant's applicability, despite Plaintiff's cogent submissions, constitutes a deliberate entanglement with the NYSDTF, transforming BoA into a state actor under the Fourteenth Amendment." (ECF 9 at 8-9.)

## DISCUSSION

### A.   Due process claim

The Court dismisses Plaintiff's due process claim for the reasons set forth in its June 4, 2025 order. BoA did not act under color of state law for purposes of Section 1983 liability when it complied with a state levy on Plaintiff's bank account. *See Harris v. Wells Fargo Bank*, No. 17-CV-3057 (CM), 2017 WL 4350601, at *3 (S.D.N.Y. May 10, 2017) (noting that the Second Circuit "has considered, and rejected" arguments that a bank acts under color of state law by complying with a state-issued restraining notice," because its "conduct as garnishee is "purely ministerial").

### B.   EFTA

Plaintiff asserts a claim under EFTA, which applies to any unauthorized transfer of funds that is initiated through an electronic terminal so as to authorize a financial institution to debit or credit an account, such as ATM and PIN-based point-of-sale cash withdrawals. *See* 15 U.S.C. § 1693g; *New York by James v. Citibank, N.A.*, 763 F. Supp. 3d 496, 507 (S.D.N.Y. 2025) (explaining that EFTA "allocates loss from unauthorized electronic fund transfers ('EFTs') from consumer accounts"). EFTA's implementing regulation, defines an "electronic fund transfer" as "any transfer of funds that is initiated through an electronic terminal, telephone, computer, or magnetic tape for the purpose of ordering, instructing, or authorizing a financial institution to debit or credit a consumer's account." *See* 15 U.S.C. § 1693f(a); 12 C.F.R. 1005.11(a)(vii).

To state a claim under the EFTA, [a] plaintiff must allege that the accounts in question

>1) were demand deposit, savings deposit, or other asset accounts; 2) established primarily for personal, family, or household purposes; and 3) that the unauthorized electronic fund transfer was 'initiated through an electronic terminal, telephone, computer, or magnetic tape for the purpose of ordering, instructing, or authorizing a financial institution to debit or credit a consumer's account.

*Zaidi v. JP Morgan Chase Bank, N.A.*, No. 19-CV-1080, 2021 WL 848864, at *3 (E.D.N.Y. Mar. 5, 2021) (third alteration in original) (citing *Apostolidis v. JP Morgan Chase & Co.*, No. 11-CV-5664, 2012 WL 5378305, at *5 (E.D.N.Y. 2012)).

The facts alleged in the amended complaint do not give rise to an EFTA claim. At the outset, Plaintiff does not allege facts suggesting that the tax hold on his account constitutes a "transfer of funds that is initiated through an electronic terminal." *See* Section 15 U.S.C. § 1693g; *Fischer & Mandell LLP v. Citibank, N.A*, No. 09-CV-1160 (RJS), 2009 WL 1767621, at *4 (S.D.N.Y. 22, 2009) (holding that the plaintiff "seeks to distort the plain language of the statute and convert the EFTA into a guarantee provision for account holders. By so doing, Plaintiff has failed to even state a proper claim for relief pursuant to the EFTA.")

In any event, although it is Plaintiff's position that the hold on his personal account is improper because his LLC incurred the tax liability, BoA merely complied with a standing state-issued restraining notice. *See In re: Bank of Am. Cal. Unemployment Benefits Litig.*, No. 21-MD-2992, 2023 WL 3668535, at *6 (S.D. Cal. May 25, 2023) (holding that to "trigger a financial institution's obligations under the EFTA, consumers must identify a qualifying error."). As explained in the prior order, this Court lacks jurisdiction to review the propriety of the tax hold, and BoA is not liable to Plaintiff, under the EFTA or other federal statute, for complying with the state levy. Plaintiff's remedy is to pursue his administrative remedies with the NYSDTF.

**C.     Leave to amend**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   July 1, 2025
         New York, New York

                                                    _____
                                                         Louis L. Stanton
                                                              U.S.D.J.